**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0203-23

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

LASHAUN BUNCH,
a/k/a SHAUN BROWN,
LASHAUN BROWNBUNCH,
and TREY RIDLEY,

 Defendant-Appellant.

_____

Submitted December 5, 2024 — Decided December 18, 2024

Before Judges Walcott-Henderson and Vinci.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Accusation No. 16-08-2303.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Suzannah Brown, Designated Counsel, on the brief).

Grace C. MacAulay, Camden County Prosecutor, attorney for respondent (Maura M. Sullivan, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Lashaun Bunch appeals from an August 16, 2023 order denying his petition for post-conviction relief (PCR) based on ineffective assistance of counsel, without an evidentiary hearing. Defendant argues plea counsel was ineffective for failing to pursue a more favorable plea agreement with prosecutors in exchange for his cooperation against his codefendants. For the reasons that follow, we affirm.

A grand jury indicted defendant, Benjamin Young, Shawn Mosely, and Laquan Shaw, on charges related to the death of Adrian Rivera. Defendant and Shaw were indicted on charges of first-degree murder, N.J.S.A. 2C:11-3(a)(1)(2); first-degree conspiracy to commit murder, N.J.S.A. 2C:5-2 and 2C:11-3(a)(1)(2); second-degree disturbing/desecrating human remains, N.J.S.A. 2C:22-1(a); and two counts of third-degree hindering apprehension or prosecution, N.J.S.A. 2C:29-3(b)(1). Codefendants were indicted on various other charges.

Young pleaded guilty to aggravated manslaughter, N.J.S.A. 2C:11-4(a)(1), and was sentenced to twelve years in prison pursuant to a cooperation agreement. Mosely pleaded guilty to third-degree hindering apprehension or

prosecution, N.J.S.A. 2C:29-3(a)(3), and was sentenced to five years in prison pursuant to a cooperation agreement.

On August 10, 2016, at the continuation of the hearing on defendant's motion to suppress, defendant advised that he would accept the State's plea offer.[1]  The prosecutor described in detail the State's initial plea offer of thirty-years in prison with a thirty-year parole disqualifier and noted that "if convicted of murder and the jury [found] the aggravating factor, he [would have been] subject to a mandatory term of life imprisonment with no possibility of parole." The prosecutor further stated, "[defense counsel] and I did negotiate extensively. At some point, we got down to a period of [twenty-three] years [s]tate [p]rison subject to the No Early Release Act [(NERA), N.J.S.A. 2C:43-7.2]."  The prosecutor stated that the issue "seemed to be whether . . . defendant was inclined to sign a cooperation agreement. . . . we [have] revisited the issue in subsequent weeks; talked extensively; and I agreed to remove that cooperation agreement."

The court conducted an extensive voir dire of defendant as to his understanding and voluntary acceptance of the plea offer.  Defendant waived his right to indictment and pleaded guilty to a single-count accusation charging him with first-degree aggravated manslaughter, admitting that he recklessly engaged

---

[1]  The motion to suppress is not at issue in this appeal.

A-0203-23

in an assault on Rivera which resulted in his death, with manifested extreme indifference to the value of human life. He was sentenced on October 24, 2016, to twenty-three-years imprisonment subject to NERA and a five-year term of parole supervision upon release. The court dismissed the pending indictment for murder.

Shaw's trial commenced in early 2018, however, that case ended in a mistrial when the jury declared it could not reach a verdict. The State sought defendant's cooperation against Shaw at his re-trial and an assistant prosecutor and detective met with defendant while he was in prison. Defendant did not have counsel present. According to the assistant prosecutor, defendant advised that "he was not interested in testifying at the re[-]trial." Shaw later entered into a plea agreement with the State, before his re-trial.

Thereafter, defendant filed a timely pro se PCR petition, claiming the following: ineffective assistance of plea counsel; excessive sentence; and counsel's failure to raise his mental health and Division of Child Protection and Permanency (DCPP)–records and his youthfulness as mitigating factors. Assigned counsel filed a supplemental PCR brief, asserting the existence of new law "warrants vacation of [the] judgment of sentence because of fundamental injustice[;]" "plea counsel was ineffective for failing to have [defendant] proffer

A-0203-23

and cooperate against his co[-]conspirators[,]" which would have led to a lesser sentence; newly discovered evidence shows that an assistant prosecutor and detective sought defendant's cooperation while "denying [him] his right to counsel[;]" and cumulative errors made by plea counsel deprived defendant of a fair trial. In a certification in support of his PCR petition, defendant asserted he was willing "to proffer, cooperate and testify against his co[-]conspirators" and plea counsel "never arranged this despite [his] requests" to do so.

In a thorough oral opinion, the court rejected defendant's claims his sentence was excessive on procedural grounds, stating his claims were untimely and should have been raised on direct appeal. The court further noted that even if the claims were timely, they would have been rejected on substantive grounds because the sentence imposed was not excessive.

The court denied defendant's PCR claims of ineffective assistance of counsel, finding he had not satisfied either the deficiency or prejudice prongs of Strickland v. Washington, 466 U.S. 668, 687 (1984). It reasoned that defendant was never interested in a plea offer involving cooperation with the prosecution against his co-conspirators and specifically noted the State initially offered a plea that included a recommendation of thirty-years of imprisonment with a thirty-year parole disqualifier but reduced the term of imprisonment to twenty-

three years subject to NERA, after negotiations with the defense. The court also considered that if defendant was convicted of murder, and the jury found the requisite aggravating factors, defendant was facing a mandatory life term of imprisonment without parole.

The court stated, "[defendant] has not supported his claim with other evidence outside of the bald assertions and general disagreements with the way in which trial counsel handled his case." On August 16, 2023, the court entered an order denying defendant's PCR petition without an evidentiary hearing.

Defendant raises a single point on appeal:

> I.     [DEFENDANT] WAS ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIM THAT PLEA COUNSEL WAS INEFFECTIVE BY FAILING TO UTILIZE HIS WILLINGNESS TO COOPERATE WITH THE PROSECUTION TO NEGOTIATE A MORE FAVORABLE PLEA AGREEMENT FOR HIM.

We review the legal conclusions of a PCR court de novo. State v. Harris, 181 N.J. 391, 419 (2004). The de novo standard of review also applies to mixed questions of fact and law. Id. at 420. We may "conduct a de novo review" of the court's "factual findings and legal conclusions" where the PCR court has not conducted an evidentiary hearing. Id. at 421; see also State v. Lawrence, 463 N.J. Super. 518, 522 (App. Div. 2020). A PCR court's decision to proceed

6

without an evidentiary hearing is reviewed for an abuse of discretion. State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013).

To establish a PCR claim of ineffective assistance of plea counsel, a defendant must satisfy the two-pronged test formulated in Strickland, 466 U.S. at 687, and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987). A prima facie case is established by first "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment[,]" and then proving they suffered prejudice due to counsel's deficient performance. Strickland, 466 U.S. at 687; see also Fritz, 105 N.J. at 52.

To satisfy the standard's first prong, a petitioner must show counsel's performance was deficient by demonstrating counsel's handling of the matter "fell below an objective standard of reasonableness." Strickland, 466 U.S. at 687-88. A petitioner must further established that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed [to] the defendant by the Sixth Amendment." Ibid.

To demonstrate "prejudice after having entered a guilty plea, a defendant must prove 'that there is a reasonable probability that, but for counsel's errors, [they] would not have pled guilty and would have insisted on going to trial.'"

A-0203-23

State v. Gaitan, 209 N.J. 339, 351 (2012) (quoting State v. Nuñez-Valdéz, 200 N.J. 129, 139 (2009)).  A defendant must show that, "had [they] been properly advised, it would have been rational for [them] to decline the plea offer and insist on going to trial and, in fact, that [they] probably would have done so." State v. Maldon, 422 N.J. Super. 475, 486 (App. Div. 2011).  "[C]ourts are permitted leeway to choose to examine first whether a defendant has been prejudiced, and if not, to dismiss the claim without determining whether counsel's performance was constitutionally deficient." Gaitan, 209 N.J. at 350 (citation omitted).

A defendant must "do more than make bald assertions that [they were] denied the effective assistance of counsel" to establish a prima facie claim. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999).  There must be a "reasonable probability" the deficient performance affected the outcome of the proceeding. Fritz, 105 N.J. at 58.  It is defendant's burden to prove his claim by a preponderance of the evidence. Gaitan, 209 N.J. at 350.

Defendant argues that "[h]ad the PCR court considered [his] assertions in the light most favorable to him, it would have reached the conclusion that a prima facie case of ineffective assistance of counsel had been established." (emphasis omitted).  We are unpersuaded.

A-0203-23

Pursuant to our de novo standard of review, we discern no basis to conclude the PCR court erred by determining defendant failed to sustain his burden of proof under Strickland. The record here belies defendant's argument. In fact, defendant's plea hearing makes clear the State's efforts to seek his cooperation and his decision to forego prior plea offers that would have required him to sign a cooperation agreement. We find persuasive the prosecutor's recitation of the history of its negotiations with defendant. The prosecutor detailed the State's initial offer and extensive negotiations, stating "[d]espite the horrific nature of the crime, . . . [plea counsel] and I did negotiate extensively . . . the [sticking] point seemed to be whether or not the defendant was inclined to sign a cooperation agreement. And that was something of a deal breaker." The prosecutor next stated "we [have] revisited the issue in subsequent weeks; talked extensively; and I agreed to remove that cooperation agreement." At the time, defendant did not challenge the prosecutor's recitation of the history of their plea negations or the fact that he repeatedly declined to sign a cooperation agreement.

Defendant offers no competent evidence in support of his claim that plea counsel's representation of him was constitutionally deficient. Rather, his claim rests solely on the assertions in his certification—made years later and with the

benefit of hindsight—that he would have cooperated with the State against his coconspirators, even though he had been repeatedly offered the opportunity to do so and rejected each one. We conclude defendant's arguments amount to bald assertions which are insufficient to establish that counsel's representation of him was deficient.

Having failed to satisfy Strickland's first prong, defendant's PCR petition must fail. Strickland, 466 U.S. at 687. Nevertheless, we note briefly that defendant does not argue Strickland's prejudice prong in the context of his plea agreement. To succeed on his claim of ineffective assistance, defendant must show that there is a reasonable probability that, but for counsel's alleged error– failing to negotiate a cooperation agreement for him with a more favorable sentence–he would not have pleaded guilty and would have insisted on going to trial. Gaitan, 209 N.J. at 351.

The record shows that the plea offer accepted by defendant was the same offer that had previously been extended conditioned on the cooperation agreement. The prosecutor acknowledged as much when he said, "we [have] revisited the issue in subsequent weeks; talked extensively; and I agreed to remove that cooperation agreement." Defendant also does not argue that, facing a life sentence, he would have rejected the plea offer and gone to trial. In fact,

he accepted the State's plea offer and the fact that he received the most severe sentence of his codefendants is not indicative of prejudice. Based on this record, defendant has not established <u>Strickland</u>'s second prong because he cannot show that any alleged deficient performance prejudiced the defense. <u>State v. O'Neil</u>, 219 N.J. 598, 611 (2014) (quoting <u>Strickland</u>, 466 U.S. at 687).

Finally, defendant argues the PCR court erred by denying his claims without an evidentiary hearing. <u>Rule</u> 3:22-10(b) states:

> A defendant shall be entitled to an evidentiary hearing only upon the establishment of a prima facie case in support of [PCR], a determination by the court that there are material issues of disputed fact that cannot be resolved by reference to the existing record, and a determination that an evidentiary hearing is necessary to resolve the claims for relief.

As we have explained, defendant failed to present competent evidence establishing a prima facie PCR claim, and he points to no evidence establishing a dispute as to material facts or a need to consider matters outside the existing record. The court therefore correctly denied the petition without an evidentiary hearing. <u>See</u> <u>Marshall</u>, 148 N.J. at 158.

Any remaining arguments presented on defendant's behalf that we have

11

not expressly addressed are without sufficient merit to warrant further discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

12

A-0203-23